Williams *v.* Williams.

5-644

277 S. W. 2d 77

Opinion delivered April 4, 1955.

*O. W. Pete Wiggins,* for appellant.

*Talley & Owen* and *William L. Blair,* for appellee.

Ward, J. This appeal challenges the order of the trial court refusing to set aside its decree in a divorce case rendered at a preceding term.

On January 23, 1953 appellee, Frank Williams, filed a suit for divorce against appellant in cause No. 96725 alleging that he had been a resident of Pulaski County for more than a year; that they were married on May 24, 1944 in Kentucky; that his wife treated him with ridicule, neglect, abuse and open insults habitually and substantially pursued, and; that one child Gloria Jean Williams, was born to their marriage. Appellant being a non-resident service was had by warning order. On February 24, 1953 appellant filed a motion to dismiss the complaint for the reason that appellee was not a *bona fide* resident of this state. On July 1, 1953 appellant appeared specially for making the same motion, and on the same day both motions were overruled.

On July 24, 1953 appellant filed a motion to make the complaint for divorce more definite and certain; for suit money and attorney fees, and; for a continuance. After filing other motions immaterial here appellant refused to file an answer, and on August 26, 1953 the trial court heard testimony on behalf of the complainant and entered its decree granting a divorce to appellee, Frank Williams. The decree also approved a service allotment

by him to the minor child and gave him visitation rights with the child which was in custody of its mother in Louisiana.

No appeal was taken by this appellant from the above decree and none has been taken to this date.

On February 25, 1954 appellant filed in said cause No. 96725 a petition to vacate the decree dated August 26, 1953. In this petition it was alleged that Frank Williams was not a *bona fide* resident of Pulaski County, Arkansas at the time of filing his petition or at the time the divorce decree was rendered. The prayer was that said decree be vacated and set aside for fraud practiced upon the court in that Frank Williams was not a *bona fide* resident of Arkansas at the time above mentioned.

The trial court, after hearing the petition to vacate on affidavits attached thereto and upon oral testimony presented by both sides, refused to vacate the decree of August 26, 1953 and dismissed appellant's petition.

From the order of the trial court dismissing her petition to vacate appellant prosecutes this appeal. The record filed herein on December 14, 1954 contains only the pleadings preceding the decree of August 26, 1953, and the pleadings and testimony relating to the petition to vacate.

The trial court was correct in refusing to grant appellant's petition to vacate the original decree. The April 1953 term of the Pulaski Chancery Court at which the August 26th decree was rendered expired in October of the same year. The petition to vacate was not filed until February 1954. Appellant correctly assumed that she must proceed under Ark. Stats., § 29-506, in her effort to vacate the original decree. The petition itself and especially the prayer indicates that she sought to set aside the original decree on the ground of fraud practiced upon the court. In this effort she failed and must fail because the testimony introduced in support of the petition to vacate disclosed no extrinsic fraud practiced on the court. The tenor of the testimony was to show

that appellee, Frank Williams, testified falsely at the original hearing. This character of testimony, as we have often held, is not sufficient to show a fraud on the court such as would call for setting aside the original decree.

This case is controlled by the decision in *Jamieson* v. *Jamieson*, 223 Ark. 845, 268 S. W. 2d 881. There the court, quoting with approval, said:

" 'The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the Court which resulted in the judgment assailed.' "

Also in the *Jamieson* case, as here, the question of *bona fide* resident was an issue on a petition to vacate the original decree, and it was there said:

"The question of Mr. Jamieson's *bona fide* residence in Arkansas was an issue in the divorce case. He testified that he was a resident. Mrs. Jamieson's present attorney cross-examined Mr. Jamieson on that point. If Mr. Jamieson was not a resident of Arkansas, then he committed perjury, but perjury in the original case is not an *extrinsic* fraud."

No error appearing, the decree of the trial court is affirmed.